UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **DERRIS HENDERSON, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>**vs.**<br><br>**THE KROGER CO. d/b/a KING SCOOPERS and CITY MARKET,**<br><br>Defendant. | **Case No.**<br><br>**Plaintiff's Collective and Class Action Complaint**<br><br>Jury Trial Demanded |

**SUMMARY**

1. Like many other grocery stores across the United States, The Kroger Co. and its subsidiaries (including City Market and King Scoopers) have seen an increase in customers utilizing web-based, e-commerce platforms to make their grocery purchases.

2. As such, Kroger employs workers to help fill the e-commerce orders received from customers through its website or software application.

3. One such position is an "e-commerce manager," which is classified as exempt and paid a salary with no additional compensation or overtime premium pay for hours worked in excess of 40 in a workweek.

4. Plaintiff worked for Kroger (either directly or through King Scoopers and City Market, which Kroger acquired and/or owns) as an e-commerce manager.

5. He worked more than 40 hours in virtually all workweeks for Defendant but was not paid overtime premium compensation.

6. Kroger misclassifies the e-commerce position as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA") and Colorado state wage and hour laws.

7. E-commerce managers, like Plaintiff, are not involved in hiring or firing employees of Kroger, nor are their recommendations as to hiring, firing, advancement, promotion or other

status change of an employee given particular weight, and as such, cannot be exempt under the FLSA.

8. The primary duties of Plaintiff and other e-commerce managers are production: to fill orders received from customers on Kroger's e-commerce website platform and prepare those orders for customers, which are non-exempt duties.

9. As a result of this misclassification, Plaintiff and other e-commerce managers in each of the Kroger stores have not been paid overtime premium compensation for the overtime hours worked by them, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.* and Colorado wage and hour laws.

10. Plaintiff brings this lawsuit to recover these unpaid overtime wages and other damages owed by Kroger to him and other e-commerce managers who worked for Kroger in its Colorado stores.

11. This action seeks to recover the unpaid wages and other damages owed by Kroger to all these workers, along with the penalties, interest, and other remedies provided by federal and Colorado law.

12. Plaintiff brings this action as a collective action pursuant to the FLSA on behalf of himself and other similarly situated workers who worked for Defendant in Colorado and who suffered damages as a result of Defendant's FLSA violations ("Colorado Collective").

13. Plaintiff also brings Rule 23 class action claims on behalf of himself and other similarly situated workers who worked for Defendant in Colorado and who suffered damages as a result of Defendant's Colorado state wage and hour law violations ("Colorado Class").

## JURISDICTION & VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15. This Court has supplemental jurisdiction over the Colorado state law claims pursuant to 28 U.S.C. § 1367 and the claims form part of the same case or controversy.

16. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Upon information and belief, there at least 100 putative class members; Plaintiff and other class members are citizens of states which are different that Defendant; and the aggregate amount in controversy exceeds $5 million.

17. Kroger operates numerous stores within this District and the claims accrued within this District.

18. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

19. Plaintiff is a natural person and adult individual over the age of 18.

20. Plaintiff worked for The Kroger Co. d/b/a King Scoopers and City Market in Colorado as an e-commerce manager from approximately September 2021 to April 2023.

21. Plaintiff was, at all relevant times, an employee of The Kroger Co. and its subsidiaries.

22. As an e-commerce manager, Plaintiff worked about approximately 50 to 65 hours per week on average.

23. Plaintiff was not paid any overtime premium pay for hours worked in excess of 40 hours per week for Defendant's benefit.

24. Plaintiff worked as a salaried "e-commerce manager" and was not paid any overtime premium pay when he worked more than 40 hours during workweeks.

25. Even though Plaintiff and other "e-commerce managers" were ostensibly "supervisors", his/their primary job duties were non-exempt and overtime pay eligible duties.

26. Plaintiff seeks to represent a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "Colorado Collective" is defined as:

> **All current or former salaried e-commerce managers (however variously titled) who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries (including King Scoopers and City Market) throughout the state of Colorado, at any time from three years prior to the filing of this Complaint until the present.**

27. Plaintiff seeks to represent a class of similarly situated workers under Colorado state law pursuant to Federal Rule of Civil Procedure 23. The "Colorado Class" is defined as:

> **All current or former salaried e-commerce managers (however variously titled) who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries (including King Scoopers and City Market) throughout the state of Colorado, at any time from three years prior to the filing of this Complaint until the present.**

28. Throughout this Complaint, the Colorado Collective members and Rule 23 Colorado Class members are also referred to as the "Similarly Situated Workers."

29. Defendant The Kroger Co. operates grocery stores throughout the United States including in the state of Colorado.

30. The Kroger Co. has multiple subsidiaries including Baker's; City Market; Dillons; Food 4 Less; Foods Co; Fred Meyer; Fry's; Gerbes; Jay C Food Store; King Soopers; Mariano's; Metro Market; Pay-Less Super Markets; Pick'n Save; QFC; Ralphs; Ruler; and Smith's Food and Drug. https://www.kroger.com/i/kroger-family-of-companies (last visited February 19, 2026).

31. Defendant is an Ohio Corporation with its principal place of business in Cincinnati, Ohio.[1]

---

[1] Plaintiff reserves the right to amend the complaint and add additional The Kroger Co. subsidiaries who employ e-commerce managers in Colorado.

## COVERAGE UNDER THE FLSA

32. At all relevant times and as set forth above, Defendant was the employer or joint employer of Plaintiff and Colorado Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times and as set forth above, Defendant was the employer or joint employer of Plaintiff and the Colorado Class members within the meaning of Colorado law.

34. Defendant was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

35. During at least the last three years, Defendant has had gross annual sales in excess of $500,000.

36. Defendant is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

37. Defendant employs many workers, including Plaintiff, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

38. The goods and materials handled, sold, or otherwise worked on by Plaintiff and other Defendant's employees and that have been moved in interstate commerce include, but are not limited to, food, drink, grocery supplies, office supplies, computers, telephones, prescription and non-prescription medical supplies and equipment, and pharmaceuticals.

39. The activities performed by Plaintiff and other of Defendant's employees were in connection with the operation of Defendant's stores. 29 U.S.C. § 203(r)(2)(A).

## FACTS COMMON TO ALL CLAIMS

40. Kroger and its subsidiaries operate numerous grocery stores throughout the United States of America.

41. Many of Kroger's employees are non-exempt workers.

42. However, Kroger employs some workers which it classifies as salary exempt under the FLSA and state law.

43. One such position is the e-commerce manager, which Kroger purportedly classifies as exempt under the FLSA's and Colorado state law's executive exemption. *See* 29 C.F.R. 541.100 (outlining FLSA Executive Exemption elements); *see also* 7 Colo. Code Regs. § 1103-1:2 (outlining Colorado state Executive Exemption elements)

44. However, Plaintiff and other e-commerce managers cannot be exempt under this exemption because their primary duties are non-exempt tasks, Defendant cannot prove that Plaintiff and other e-commerce managers' primary duty is management work, and these workers are not involved in hiring or firing employees of Kroger, nor are their recommendations as to the hiring, firing, advancement, promotion or other change in status of an employee given particular weight.

45. Kroger has misclassified Plaintiff and other e-commerce managers as exempt under the FLSA and Colorado law, and has failed to pay these workers wages or overtime compensation for overtime hours worked.

46. During his employment as an e-commerce manager, Plaintiff typically worked approximately 50 to 65 hours per week on average.

47. During the weeks that Plaintiff worked in excess of 40 hours as an e-commerce manager, he was not paid overtime premium compensation.

48. Kroger's e-commerce managers are expected to work more than 40 hours per week.

49. Kroger's e-commerce managers often work more than 40 hours per week.

50. Kroger has also failed to track the accurate hours worked by Plaintiff and other e-commerce managers in violation of the FLSA and Colorado law.

51. Upon information and belief, Kroger did not conduct any audit, analysis, or study to assess whether Plaintiff and other e-commerce managers are correctly classified as exempt from overtime compensation.

52. Upon information and belief, Kroger also failed to inquire and ensure that the primary duties of Plaintiff and other e-commerce managers were exempt job duties like management.

53. Kroger classifies Plaintiff and other e-commerce managers as exempt pursuant to a corporate policy and/or practice to limit labor costs.

54. Kroger has a practice to limit labor costs and overtime expenses relating to hourly-paid employees in its stores.

55. Kroger requires that Plaintiff and e-commerce managers work overtime hours without pay (instead of the hourly employees) to save on overtime costs, because Kroger does not pay overtime wages to Plaintiff and other e-commerce managers and classifies them as exempt from overtime pay.

56. Plaintiff and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Kroger under federal law.

## Collective Action Allegations

57. Numerous individuals were victimized by Kroger's patterns, practices, and policies, which are in willful violation of the FLSA.

58. Based on his experience and tenure with Kroger, Plaintiff is aware that Kroger's illegal practices were imposed on the Colorado Collective.

59. Kroger knew that Plaintiff and its other e-commerce managers were not involved in hiring/firing employees and thus could not be exempt under federal or state law.

60. The Colorado Collective members (i.e. e-commerce managers) worked more than 40 hours per week in one or more workweeks.

61. The Colorado Collective members (i.e. e-commerce managers) were not paid overtime premiums for hours worked in excess of 40 per week.

62. The Colorado Collective members (i.e. e-commerce managers) were not paid overtime premiums in weeks that they worked in excess of 40 hours.

63. These employees are victims of Kroger's unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue regarding the FLSA Collective.

64. The workers in the Colorado Collective were similarly situated within the meaning of the FLSA.

65. Each member of the Colorado Collective is an e-commerce manager with similar job duties and who was paid a salary with no overtime compensation.

66. Kroger's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Colorado Collective members.

67. The Colorado Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## COLORADO CLASS ACTION ALLEGATIONS

68. The putative Colorado Class members identified above are so numerous that joinder of all members is impracticable.

69. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

70. Upon information and belief, the size of the putative Colorado Class is at least 100 workers.

71. Defendant acted or refused to act on grounds generally applicable to the putative Colorado Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Colorado Class as a whole.

72. There are questions of law and fact common to the putative Colorado Class that predominate over any questions solely affecting individual members of the putative Colorado Class, including but not limited to:

a. whether Defendant properly classified Plaintiff and the putative Colorado Class members as exempt;

b. whether Plaintiff and the putative Colorado Class members worked in excess of forty hours per week;

c. what proof of hours worked is sufficient where an employer fails to maintain time records;

d. whether Defendant failed or refused to pay Plaintiff and the putative Colorado Class members overtime pay;

e. the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Colorado class.

73. Plaintiff's claims are typical of the claims of the putative Colorado Class sought to be represented.

74. Plaintiff and the putative Colorado Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of misclassifying them as exempt thereby failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek.

75. Defendant acted and/or refused to act on grounds generally applicable to Plaintiff and putative Colorado Class members, thereby making injunctive and/or declaratory relief with respect to the putative Colorado Class appropriate.

76. Plaintiff will fairly and adequately represent and protect the interests of the putative Colorado Class.

77. Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the putative Colorado Class to represent its interests fairly and adequately.

78. Plaintiff recognizes that as a class representative, one must represent and consider the interests of the putative Colorado Class just as one would represent and consider one's own interests.

79. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the putative Colorado Class.

80. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the putative Colorado Class.

81. Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

82. Plaintiff has retained Morgan & Morgan, P.A. and Shavitz Law Group, P.A., which are law firms who are competent and experienced in complex class action employment litigation.

83. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

84. The members of the putative Colorado Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.

Although the relative damages suffered by individual members of the putative Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

85. Class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**First Cause of Action – Violations of the FLSA**

86. Plaintiff incorporates all other allegations.

87. By failing to pay Plaintiff and the Colorado Collective members overtime premiums for overtime hours worked, Kroger violated the FLSA. 29 U.S.C. §207.

88. Kroger owes Plaintiff and the Colorado Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

89. Kroger knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the Colorado Collective members overtime compensation.

90. Because Kroger knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Kroger owes these wages for at least the past three years.

91. Kroger's failure to pay overtime compensation to these Colorado Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

92. Because Kroger's decision not to pay overtime was not made in good faith, Kroger also owes Plaintiff and the Colorado Collective members an amount equal to the unpaid overtime wages as liquidated damages.

93. Accordingly, Plaintiff and the Colorado Collective members are entitled to their full unpaid wages under the FLSA, including overtime pay in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

94.

**Second Cause of Action – Violations of Colorado Law**

95. Plaintiff incorporates all other allegations.

96. At all times relevant, Plaintiff and the Colorado Class were employees and Defendant was their employer within the meaning of the Colorado Wage Act. 7 Colo. Code Regs. § 1103-1:1, Colo. Rev. Stat. Ann. § 8-4-101.

97. At all relevant times, the representative Plaintiff and similarly situated e-commerce managers are entitled to the rights, benefits and protections provided under the Colorado Wage and Hour Law because they were employees performing labor or services for the benefit of Defendant. Colo. Rev. Stat. §8-4-101(4), 7 CCR 1103-1.

98. Defendant is subject to the wage and overtime payment requirements of the Colorado Wage and Hour Law because it is a corporation that employs persons in Colorado. Colo. Rev. Stat. §8-4-101(5), 7 CCR 1103-1.

99. Defendant misclassified Plaintiff and the Colorado Class as exempt from overtime, thereby failing to pay him/them for all hours worked at the agreed upon rate and overtime rate as required by the Colorado Wage Act, Colo. Rev. Stat. §§8-4-101, *et seq.* and 8-6-115, Colorado Minimum Wage Orders, 7 CCR 1103-1.

100. Defendant failed to keep, make, preserve, maintain and furnish accurate records of overtime worked by Plaintiff and the Colorado Class.

101. Defendant failed to pay Plaintiff and the Colorado Class the overtime wages to which they are entitled under Colorado Law. 7 CCR 1103-1:4.

102. Defendant has a policy and/or practice of misclassifying its e-commerce managers as exempt thereby refusing to pay overtime compensation for all hours worked to Plaintiff and the Colorado Class.

103. Because Defendant's actions were willful, Plaintiff's claims for relief are subject to a three-year statute of limitations, pursuant to Colo. Rev. Stat. §8-4-122.

104. Defendant lacked a good faith basis or reasonable grounds to believe its failure to pay Plaintiff and the Colorado Class for all overtime hours worked complied with the Colorado law.

105. Due to Defendant's failure to act in good faith or reasonable grounds it owes Plaintiff and the Colorado Class penalties.

106. Due to Defendant's violations of Colorado law, Plaintiff and the Colorado Class are entitled to recover from Defendant their unpaid wages, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## RELIEF SOUGHT

Plaintiff prays for judgment against Defendant as follows:

a. For an order certifying a collective action for the FLSA claims and authorizing notice to all Colorado Collective members which will advise them of this case and their right to join it;

b. For an order certifying the Colorado Class pursuant to Fed. R. Civ. P. 23;

c. Appointment of Plaintiff as Class Representative and Plaintiff's counsel as class counsel with regard to the Colorado Class;

d. For an order finding Defendant liable for violations of federal and state wage laws with respect to Plaintiff and all Colorado Collective and Colorado Class members covered by this case;

e. For a judgment awarding all unpaid overtime wages, liquidated damages, penalties, and all other relief available under federal and state wage laws to Plaintiff and all Colorado Collective/Colorado Class members covered by this case;

f. For a judgment awarding attorneys' fees to Plaintiff and Colorado Collective/Colorado Class members covered by this case;

g. For a judgment awarding costs of this action to Plaintiff and all Colorado Collective/Colorado Class members covered by this case;

h. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Plaintiff and all Colorado Collective/ Colorado Class members covered by this case; and

i. For all such other and further relief as may be necessary and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

Date: February 25, 2026

Respectfully submitted,

By: */s/Andrew R. Frisch*

Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-WORKERS
E-mail: AFrisch@forthepeople.com

Kimberly De Arcangelis (pro hac vice forthcoming)
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tel: 407-237-2281
E-mail: KimD@forthepeople.com

C. Ryan Morgan
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tel: 407-418-2069
E-mail: RMorgan@forthepeople.com

Gregg I. Shavitz
SHAVITZ LAW GROUP, P.A.
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Email: gshavitz@shavitzlaw.com

*Attorneys for Plaintiffs*